IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| United States of America, ) | CRIMINAL NO. 3:09-825-CMC |
| ) | |
| v. ) | **OPINION and ORDER** |
| ) | |
| Jason Andrew Clarke, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter is before the court on Defendant's motion seeking a reduction of sentence based on Amendment 706 to the Federal Sentencing Guidelines.[1] Dkt. #890 (filed Jan. 31, 2011).

Amendment 706 reduced the Guideline range for most offenses involving cocaine base, or "crack" cocaine. On January 15, 2010, Defendant pleaded guilty to his involvement in a conspiracy to distribute 5 kilograms or more of cocaine and 50 grams or more of "crack" cocaine, a violation of 21 U.S.C. §§ 841(a)(1) and 846. Title 21 Section 841(b)(1)(A) sets the penalty for Defendant's offense, providing that a defendant with a prior qualifying felony conviction shall be imprisoned for not less than twenty (20) years.[2] At Defendant's sentencing, held April 22, 2010, this court sentenced Defendant to 240 months' imprisonment.

As is relevant to this case, § 3582(c)(2) provides

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(*o*), upon motion of the defendant or the Director of the Bureau of Prisons or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Therefore, to be eligible for consideration of a sentence reduction, the "sentencing range" must have been

---

[1] Defendant has filed a motion to proceed *in forma pauperis* and to appear *pro se*. That motion is granted.

[2] On November 25, 2009, the Government filed an Information under 21 U.S.C. § 851, notifying Defendant that he was subject to the twenty-year statutory mandatory minimum based upon a prior qualifying felony drug conviction.

1

"lowered" by the Sentencing Commission, and the reduction must be "consistent" with applicable policy statements.

Defendant was sentenced under 21 U.S.C. § 841(b)(1)(A), which provides that where the crime involves 50 grams or more of a mixture or substance containing "crack" cocaine, the sentence for someone with a qualifying prior felony drug conviction must be at least twenty years' imprisonment. That statute is unaffected by the recent Guideline amendment. Therefore, whatever changes Amendment 706 might authorize in the underlying base offense level calculations, those Guideline changes cannot alter the ultimate statutory floor set by Congress. *United States v. Hood*, 556 F.3d 226, 234 (4th Cir. 2009) ("Amendment 706 amended U.S.S.G. § 2D1.1, but that section is not made applicable to and does not authorize a reduction of sentences for substantial assistance . . . ."). *See also* 21 U.S.C. § 841(b)(1)(A); U.S.S.G. § 1B1.10, cmt. (n.1(A)) (Mar. 2008) (noting that a defendant is not eligible for consideration of reduction if "the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of . . . [a] statutory provision (*e.g.*, a statutory mandatory minimum term of imprisonment.").

Defendant's motion is, therefore, **denied**.[3]

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON McGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
February 10, 2011

---

[3] Defendant was sentenced after the effective date of the Amendment; therefore, had his sentence not been subject to the statutory mandatory minimum, he would have received the benefit of the Amendment.

2